IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | | |
|---|---|---|
| **JEREMY HAWTHORN AND** § | | |
| **CHARLES BUSH, Individually and On** § | | |
| **Behalf of All Others Similarly Situated,** § | | |
| § | **Civil Action No.** | |
| **Plaintiffs,** § | | |
| § | **1:19-CV-00019** | |
| **v.** § | | |
| § | | |
| **FIESTA FLOORING, LLC AND** § | | |
| **THOMAS M. THOMPSON,** § | | |
| **INDIVIDUALLY.** § | | |
| § | | |
| **Defendants.** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jeremy Hawthorn and Charles Bush ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members" herein) (Named Plaintiffs and Class Members are collectively referred to herein as "Plaintiffs") bring this wage theft suit against the above-named Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended and the New Mexico Minimum Wage Act ("NM Wage Act"), N.M. STAT. § 50-4-19, *et seq*.

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich*

*& Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Likewise, the NM Wage Act requires that employees who work more than forty hours in a week be paid one and one-half times their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3. Defendant Fiesta Flooring, LLC and Thomas M. Thompson ("Defendants") have violated the FLSA and the NM Wage Act by failing to pay any of their tile installation workers or their helpers overtime payments for any hours worked over forty per week. Defendants' tile installation workers and their helpers, including Named Plaintiffs, work more than forty hours per week but are paid no overtime. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and as an opt-out class action under Federal Rule of Civil Procedure 23.

## II. PARTIES

4. Named Plaintiffs Jeremy Hawthorn and Charles Bush are individuals who reside in Arizona and were employed by Defendants within the meaning of the FLSA. Named Plaintiff Hawthorn was employed by Defendants from approximately September 1, 2017 to the present. He has consented to be a party-plaintiff in this action. His signed consent form is attached hereto as "Exhibit A." Named Plaintiff Bush was employed by Defendants from approximately July 1, 2017 to July 1, 2018. He has consented to be a party-plaintiff in this action. His signed consent form is attached hereto as "Exhibit B."

5. Defendant Fiesta Flooring, LLC is an Arizona corporation that is doing business in New Mexico. Defendant may be served with process in this action by service upon its registered agent for service, Thomas M. Thompson, 5613 W. Parkview Lane, Glendale Arizona, 85310.

6. Defendant Thomas M. Thompson is the Manager/President of Fiesta Flooring, LLC. Thompson may be served with process in this action at 5613 W. Parkview Lane, Glendale Arizona, 85310.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff Hawthorn and the NM Class Members' (defined below) NM Wage Act claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiff Hawthorn and the NM Class Members' NM Wage Act claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

8. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Bernalillo County, New Mexico, which is in this District and Division. Named Plaintiff Hawthorn was an employee of Defendants, and performed work for Defendants in and around Bernalillo County, New Mexico. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

9. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs and the Class Members.

10. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant Fiesta Flooring, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned Defendant Fiesta Flooring, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Named Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. COVERAGE UNDER THE NM WAGE ACT

14. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 50-4-21(B) of the NM Wage Act.

15. At all times hereinafter mentioned, Named Plaintiff Hawthorn and the NM Class Members (defined below) were individual "employees" within the meaning of Section 50-4-21(C) of the NM Wage Act, and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NM Wage Act.

## VI. FACTUAL ALLEGATIONS

16. Defendants are flooring contractors, specializing in installing tile for businesses across the United States.  Defendants have flown their employees to install tile at various jobsites throughout the United States, including in New Mexico, Arizona, Texas, Kansas, Utah, Colorado, Massachusetts, Virginia, Indiana, Nevada, New York, Florida, Washington and Oklahoma.

17. Named Plaintiff Hawthorn has been an Installer for Defendants from September 1, 2017 through the present.  Named Plaintiff Bush has been a Helper for Defendants from July 1, 2017 through July 1, 2018.

18. Named Plaintiff Hawthorn was employed by Defendants as an Installer for tile installation jobs across the United States, including in Albuquerque, New Mexico.  The Class Members are and have been employed in some or all of the states listed above, including New Mexico, Arizona, Texas, Kansas, Utah, Colorado, Massachusetts, Virginia, Indiana, Nevada, New York, Florida, Washington and Oklahoma.

19. Defendants employ Installers and Helpers in each of their jobsites throughout the United States, including in New Mexico.

20. In the performance of their work, Plaintiffs handle tools, equipment, and other materials that were manufactured outside of any state in which they have performed.

   A.  **Thomas Thompson is individually liable for Defendants' violations.**

21. As the Owner/Manager of Fiesta Flooring, LLC, Thomas Thompson independently exercised control over the work performed by Named Plaintiffs and those similarly situated.

22. Thomas Thompson is responsible for running the day-to-day operations of Fiesta Flooring, LLC.

23. Thomas Thompson, acting directly in the interest of Fiesta Flooring, LLC, determined the wages to be paid to Named Plaintiffs and those similarly situated.

24. Thomas Thompson, acting directly in the interest of Fiesta Flooring, LLC, determined the work to be performed by Named Plaintiffs and those similarly situated.

25. Thomas Thompson, acting directly in the interest of Fiesta Flooring, LLC, determined the locations where Named Plaintiffs and those similarly situated would work.

26. Thomas Thompson, acting directly in the interest of Fiesta Flooring, LLC, determined the conditions of employment for Named Plaintiffs and those similarly situated.

27. Thomas Thompson, acting directly in the interest of Fiesta Flooring, LLC, maintained employment records on Named Plaintiffs and those similarly situated.

28. Thomas Thompson, acting directly in the interest of Fiesta Flooring, LLC, possessed and, in fact, exercised the power to hire, fire and discipline Named Plaintiffs and those similarly situated.

**B.  The Class Members were misclassified.**

29. Defendants classified Plaintiffs and the Class Members as "exempt" from the overtime protections of the FLSA and NM Wage Act.

30. As an Installer, Plaintiff Hawthorn as well as other Installers were paid on a piece rate basis during tile installation.  Once all tile had been installed, Plaintiff Hawthorn as well as other Installers were paid a day rate.  Helpers, such as Plaintiff Charles Bush, were always paid on a day rate.  Neither Installers nor Helpers were paid any additional compensation for hours worked in excess of forty in a week, despite the fact that they were both clearly non-exempt employees.

31. The Class Member Installers were paid just as Plaintiff Hawthorn was paid, and the Class Member Helpers were paid just as Plaintiff Bush was paid.  None were paid any additional compensation for hours worked in excess of forty in a week.

32. For all times relevant to this action, as Installers and Helpers, the Plaintiffs' primary job duty for the Defendants was the performance of manual, non-management work.  The Plaintiffs' primary

job duty is not the performance of office or non-manual work directly related to Defendants' management or general business operations, or those of its customers.

33. Rather, Plaintiffs spend most of their time performing manual tasks associated with laying tile at jobsites throughout the United States. The job duties of the Installers and Helpers at each of the Defendants' jobsites was and is essentially the same. As a result, each Installer and Helper performed the same or similar job duties throughout the Defendants' operations. The job functions of Plaintiffs required little to no official training, and they did not require a college education or other advanced degree.

34. The daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures, and checklists created by Defendants. Virtually every job function was predetermined by Defendants, including the location and dates of the job, the crew members to be utilized for a specific job, and what kind of tile would be installed. Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

35. Plaintiffs were not paid on a salary basis.

36. Plaintiffs did not direct the work of two or more employees at any time during their employment. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

37. Plaintiffs did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

38. Named Plaintiffs and Class Members worked very long hours. The Installers and Helpers are typically assigned to work at least ten (10) hours per day seven (7) days per week for each job until

the job was completed. They would then be flown to the next job where the process would repeate itself. Thus, during all times relevant to this action, in weeks in which they worked, Plaintiffs typically worked at least seventy hours per week and often more.

39. Although they worked very long hours, Plaintiffs were misclassified or otherwise treated as exempt under the Fair Labor Standards Act and those Plaintiffs who are also NM Class Members were misclassified or otherwise treated as exempt under the NM Wage Act. Defendants required the Plaintiffs to work the long hours described above, and thus knew that Named Plaintiffs and Class Members regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and refused to compensate the Named Plaintiffs and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

40. Defendants have employed and are employing other individuals as Installers and Helpers who have performed the same job duties under the same pay provisions as Named Plaintiffs, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

41. Upon information and belief, in late 2018, Defendants consulted with the Department of Labor, who notified Defendants that Defendants' Helpers and Installers should all be paid overtime if they worked over forty hours per week. Upon information and belief, Defendants' response to this news was to attempt to force its Installers and Helpers to sign arbitration agreements.

42. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiffs and the Class Members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

43. Named Plaintiffs seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

    **All current and former Installers and Helpers of Defendants who were not paid overtime in at least one workweek in the last three years.**

44. Named Plaintiffs and the FLSA Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees on Defendants' worksites, including worksites in New Mexico, Arizona, Texas, Kansas, Utah, Colorado, Massachusetts, Virginia, Indiana, Nevada, New York, Florida, Washington and Oklahoma. Further, Named Plaintiffs and the FLSA Class Members were subjected to the same pay provisions in that they were all paid a day rate or a piece rate and a day rate but were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, as specifically discussed above.

45.  Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying its Installers and Helpers as exempt from the overtime protections of the FLSA. This policy or practice is applicable to the Named Plaintiffs and all FLSA Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all FLSA Class Members.

## VIII. NM WAGE ACT RULE 23 CLASS ALLEGATIONS

46. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff Hawthorn, individually and on behalf of all other similarly situated employees, pursues NM Wage Act claims against Defendants.

47. Named Plaintiff Hawthorn seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "NM Class Members") as follows:

> **All current and former Installers and Helpers of Defendants who were not paid overtime in at least one workweek in the last three years and who worked for Defendants in New Mexico in at least one workweek.**

48. Named Plaintiff Hawthorn, individually and on behalf of all other similarly situated employees, seeks relief on a class basis challenging Defendants practice misclassifying the NM Class Members as exempt from the overtime protections of the NM Wage Act and therefore failing to pay Named Plaintiff Hawthorn and other similarly situated employees one and one-half times their regular hourly rate of pay for all hours worked over forty in a week.

49. Named Plaintiff Hawthorn and the NM Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, non-exempt employees on Defendants' worksites in New Mexico. Further, Named Plaintiff Hawthorn and the NM Class Members were subjected to the same pay provisions in that they were all classified as exempt employees, were paid piece rate and/or day rate, and were not paid any additional compensation for hours worked in excess of 40 in a workweek, as specifically discussed above.

50. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the NM Wage Act results from a policy or practice of misclassifying its Installers and Helpers as exempt from the overtime protections of the NM Wage Act. This policy or practice is applicable to Named Plaintiff Hawthorn and all NM Class Members. Application of this policy or practice does not depend on the personal circumstances of Named Plaintiff Hawthorn or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff Hawthorn also applied to all NM Class Members.

51. Therefore, throughout the relevant period, Defendants knew that Named Plaintiff Hawthorn and NM Class Members were not being properly compensated for all of their hours worked.

52. Defendants maintained common work, time, and pay policies and procedures for their Installers and Helpers based out of New Mexico. As a result, Named Plaintiff Hawthorn and NM Class Members are similarly situated and have been regularly deprived of pay for workweeks during which they worked more than forty hours.

53. Plaintiff Hawthorn's NM Wage Act claims against Defendants satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

54. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are at least fifteen NM Class Members. Consequently, joinder of all NM Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendants.

55. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a) Whether Defendants violated the NM Wage Act by classifying the NM Class Members as exempt from the NM Wage Act;

    b) Whether Defendants violated the NM Wage Act by failing to pay the NM Class Members overtime compensation for their work hours;

    c) Whether Defendants' violation of the NM Wage Act constituted a continuing course of conduct; and

    d) The proper measure of damages sustained by the NM Class Members.

56. **Typicality**. Named Plaintiff Hawthorn's claims are typical of those of the class because Named Plaintiff Hawthorn's claims arise from the same course of conduct and legal theories as the claims of the prospective NM Class Members. Like the NM Class Members, Named Plaintiff Hawthorn worked as a non-exempt employee on Defendants' New Mexico jobsites. Like the NM Class Members, Named Plaintiff Hawthorn regularly worked in excess of forty hours per week. Like the NM Class Members, Named Plaintiff Hawthorn was misclassified as exempt and was not compensated at proper overtime rates for all overtime hours worked. The other facts outlined above likewise apply equally to both Named Plaintiff Hawthorn and the NM Class Members.

57. **Adequacy**. Named Plaintiff Hawthorn is an adequate representative of the class because his interests do not conflict with the interests of the NM Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Named Plaintiff Hawthorn and the undersigned counsel, who have experience in employment and class action lawsuits.

58. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation against a company the size of Defendant Fiesta Flooring, LLC, doing so would unduly burden the court system. Individual litigation of many of these claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendants. A single class action can determine the rights of all NM Class Members in conformity with the interest of efficiency and judicial economy.

### IX. CAUSE OF ACTION ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

59. During the relevant period, Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees, including Named Plaintiffs and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.  Defendants have acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law.

### X. CAUSE OF ACTION TWO:  FAILURE TO PAY WAGES IN ACCORDANCE WITH NEW MEXICO MINIMUM WAGE ACT

60. During the relevant period, Defendants violated the New Mexico Minimum Wage Act, N.M. STAT. § 50-4-22 (West 2018), by employing employees, including Named Plaintiff Hawthorn and the NM Class Members, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular hourly rate.  Defendants' violation of New Mexico Minimum Wage Act occurred as part of a continuing course of conduct.

### IX. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiffs pray for judgment against Defendants as follows:

a. For an expedited Order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and individually, and on behalf of any and all such class members.

b. For an Order certifying the NM Wage Law claims as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Named Plaintiff Hawthorn as Class Representative under applicable NM law, and for designation of Plaintiffs' counsel as class counsel;

c. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who may join the suit);

d. For an Order awarding Named Plaintiff Hawthorn and the NM Class Members damages pursuant to N.M. Stat. 50-4-26;

e. For an Order awarding Named Plaintiff Hawthorn and the NM Class Members damages for all violations, regardless of the date on which they occurred, as a result of Defendants' continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

f. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

g. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees; and

h. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

j. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND LAW FIRM, P.C.**

By: <u>*/s/ Daniel A. Verrett*</u>

Douglas Welmaker
Application for Admission to D.N.M. *forthcoming*
doug@morelandlaw.com
Daniel A. Verrett
Daniel@morelandlaw.com
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

Edmond S. Moreland, Jr.
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 – telecopier

**ATTORNEYS FOR PLAINTIFFS**