IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **JEREMY HAWTHORN AND** § <br> **CHARLES BUSH, Individually and On** § <br> **Behalf of All Others Similarly Situated,** § <br> § <br> **Plaintiffs,** § <br> § <br> **v.** § <br> § <br> **FIESTA FLOORING, LLC AND** § <br> **THOMAS M. THOMPSON,** § <br> **INDIVIDUALLY.** § <br> § <br> **Defendants.** § | **Civil Action No.** <br><br> **1:19-CV-00019-WJ-SCY** |

## JOINT MOTION TO FILE SETTLEMENT AGREEMENTS UNDER SEAL

This matter was brought as a collective action alleging violations of the Fair Labor Standards Act. The Parties have agreed to settle this collective action and are preparing to file their joint motion for approval of the settlement. The details of the proposed settlement are set forth in two Settlement Agreements. But it is a material term of settlement that the Settlement Agreements be kept confidential. The Parties therefore seek the Court's permission to submit the confidential Settlement Agreements under seal for the Court's *in camera* review. *See* Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal.")

Allowing the confidential Settlement Agreements to be submitted under seal will permit the Court to review the Settlement Agreements while the Parties satisfy their obligations of confidentiality. Also, allowing the agreements to be sealed will serve the public policy of encouraging settlements, thereby preserving the resources of the Court. No potential claimant or other third party will be disadvantaged by allowing the confidential Settlement Agreements to be submitted under seal.

1

## LEGAL AUTHORITIES AND ANALYSIS

As the United States Supreme Court recognized over a century ago, settlement agreements have always been a favored means of resolving disputes. *See e.g., Williams v. First Nat'l Bank,* 216 U.S. 582, 595 (1910). Numerous other courts also have recognized that public policy favors settlement of lawsuits. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (recognizing that preserving the confidentiality of settlement agreements may encourage settlement, and that denying a motion to seal may chill future settlement discussions); *AST Sports Sci., Inc. v. CLF Distrib. Ltd.,* 514 F.3d 1054, 1057 n. 1 (10th Cir.2008) (granting motion to seal on appeal where district court previously entered protective order restricting disclosure of confidential information); *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1979) ("Particularly in class action suits, there is an overriding public interest in favor of settlement"). These same principles underlie the Parties' request that the Settlement Agreements be kept confidential and filed under seal.

In this matter, Defendants negotiated confidentiality as a specific and material term of settlement. Allowing the Settlement Agreements to be kept confidential by submission under seal serves the interests of the public because it advances the strong interest in, and policy objectives furthered by, settlement. *See Grove Fresh Dist., Inc. v. John Labatt Ltd.*, 888 F.Supp. 1427, 1441 (N.D. Ill. 1995), *aff'd* 134 F.3d 374 (7th Cir. 1998), *cert. denied* 525 U.S. 877 (1998)) ("absent special circumstances, a court should honor confidentialities that are bargained-for elements of settlement agreements."). For these reasons – the public interest in encouraging and facilitating settlement negotiations and voluntary resolution of disputes, and the Parties' interest in maintaining the confidentiality of the Settlement Agreements – the Parties respectfully request that the Court honor this bargained-for element of the settlement.

Publication of the Settlement Agreements is not required to protect any third parties with potential interest in this matter. All facts and legal arguments material to any decision to bring suit and/or otherwise protect the public's interest are already in the public record. This information includes: the identities of the parties and a description of the alleged FLSA violation (Doc. No. 1, Pl.'s Original Compl., which has been in the public record for since January 2019); Defendant's defenses (Doc. No. 6, Ans. Compl. & Affirmative Defenses, which has been in the public record since March 2019); and that a settlement has been reached. (Doc. No. 32, Notice of Settlement of Case). Thus, requiring the precise terms of the Settlement Agreements to be made public would amount to disclosure just for the sake of disclosure.

Just as important, every individual who fell within the stipulated class and who could have joined this lawsuit already received notice of it (either by email, text, website, and/or regular mail) and has already decided whether or not to join this lawsuit through the opt-in process. (*See, e.g.*, Order, Doc. No. 22; Pl.'s Advisory re: Initial Delivery of Notices of Collective Action & Consent Forms, Doc. No. 25; and various notices of consent to join, Doc. Nos. 26-28.) Under these circumstances, no third parties have any interest in the terms of the Settlement Agreements, and the public interest needs no more protection than that provided by this Court's approval of the Settlement Agreements as a fair and reasonable resolution of a bona fide dispute. The public does not need to know the details of the Settlement Agreements to protect their rights.

Judges in this district have previously allowed confidential settlements. *See Archuleta v. MVCI Energy Servs., Inc.*, Civil Action No. 1:16-CV-00112-MCA-CG, Dkt. 34 (D. N.M. Oct. 11, 2016); *Tello v. Pro's ABQ Ranch Markets, LLC, et al*, Civil Action No. 1:15-CV-253-JAP-GBW, Dkt. 5 (D. N.M. May 22, 2015). And numerous other courts, citing the same and similar

justifications to those set forth above, have allowed FLSA settlements to be kept confidential. *See e.g., Alaniz v. Maxum Petrol. Op. Co., Inc.,* No. SA-15-CV-00373-XR, 2016 WL 6462206 (W.D. Tex. Oct. 31, 2016) (granting motion to seal agreement to settle FLSA claims); *Cormier v. Turnkey Cleaning Services, LLC,* No. 6:15-cv-2076, 2018 WL 5288824 (W.D. La. Oct. 22, 2018) (recommending approval of confidential FLSA settlement agreement following review *in camera*); *Brewer v. BP P.L.C.,* No. 11-401, 2012 WL 13042626*, *1 (E.D. La. May 11, 2012) (noting that the agreement settling FLSA claims was reviewed *in camera* and not made part of the public record: "all parties have agreed that their settlement, a matter of private employment involving no public funds or parties, is confidential").

The Parties ask this Court to do the same in this case: allow the Settlement Agreements to be filed under seal as exhibits to the Parties' motion to approve the settlement.

A proposed order is submitted with this motion.

Respectfully Submitted,

| **MORELAND VERRETT, P.C.**<br>The Commissioners House at Heritage Square<br>2901 Bee Cave Road, Box L<br>Austin, Texas 78746<br>Tel: (512) 782-0567<br>Fax: (512) 782-0605<br>Daniel A. Verrett<br>Texas State Bar No. 24075220<br>daniel@morelandlaw.com<br>*Attorneys for Plaintiffs* | JENNINGS, STROUSS & SALMON, P.L.C.<br>By: */s/ John G. Sestak, Jr.*<br>John G. Sestak, Jr.<br>One East Washington Street, #1900<br>Phoenix, Arizona 85004-2554<br>Telephone : 602-262-5827<br>jsestak@jsslaw.com<br>*Associated Counsel for Defendants* |
|---|---|
| Douglas B. Welmaker<br>By: */s/ Douglas B. Welmaker*<br>Texas Bar No. 00788641<br>doug@morelandlaw.com<br>700 West Summit Drive<br>Wimberley, Texas 78676<br>(512) 782-0567<br>(512) 782-0605 – telecopier<br>*Attorneys for Plaintiffs* | RODEY, DICKASON, SLOAN, AKIN AND ROBB, P.A.<br>By: */s/ Scott D. Gordon*<br>Scott D. Gordon<br>P.O. Box 1888<br>Albuquerque NM 87103<br>Telephone: 505-768-7264<br>sgordon@rodey.com<br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of June, 2020, I filed this document using the Court's CM-ECF electronic filing service, which will notice all parties in this case.

*/s/ Scott D. Gordon*
Scott D. Gordon