**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
_____

JEREMY HAWTHORN and CHARLES
BUSH, Individually and On Behalf of All
Others Similarly Situated,

      Plaintiff,

v.                                                                          No. 1:19-CV-00019 WJ/SCY

FIEESTA FLOORING, LLC and THOMAS
M. THOMPSON, Individually,

      Defendants.

**ORDER DEFERRING RULING FOR FOURTEEN DAYS**
**PENDING PARTIES' FILING OF JOINT NOTICE REGARDING:**
**(1) WHY JUDICIAL APPROVAL OF SETTLEMENT AGREEMENT IS REQUIRED**
**and**
**(2) WHY SETTLEMENT AGREEMENTS SHOULD BE FILED UNDER SEAL**

THIS MATTER comes before the Court *sua sponte* and on the parties' Joint Motion to File

Settlement Agreements Under Seal, filed June 4, 2020 (**Doc. 34**).

**BACKGROUND**

This case was brought as a collective action alleging violations of the Fair Labor Standards

Act, 29 U.S.C. §201 *et seq*. ("FLSA"). The parties have agreed to settle this collective action.  In

this motion, they seek the Court's permission to submit the confidential Settlement Agreements

(or "Agreements") under seal for the Court's *in camera* review and once this permission is

obtained, they will file their joint motion for judicial approval of the Agreements.  The Court's

inquiry here begins with whether judicial approval of the Agreements is warranted in this case and

if so, why the Agreements and/or the Court's review of the Agreements should be kept under seal.

**DISCUSSION**

**I.**     **Necessity of Judicial Approval of FLSA Settlement Agreements**

As an initial matter, the FLSA itself does not require court approval for all FLSA settlements.  And there are no discussions in any Supreme Court interpretations of the FLSA on whether a settlement or dismissal of an action to vindicate FLSA rights under 29 U.S.C. § 216(b) is conditioned on court approval. *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 405–06 (2d Cir. 2019). The Supreme Court has observed that "the simple device of filing suits and entering agreed judgments . . . may differentiate stipulated judgments from compromises by the parties." *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 (1946); *see also Brooklyn Savings Bank* v. O'Neil, 324 U.S. 697, 706 (1945) (settlements waiving liquidated damages under the FLSA cannot be settled privately when there is not a true bona fide dispute between the parties).

It has never been entirely clear whether FLSA policy requires approval of such settlements in order for the settlement to be valid and enforceable, and the Tenth Circuit Court of Appeals has not yet settled this issue.  The Court's overview of this issue will hopefully help the parties focus on a practical response to the Court's inquiry.

A.     Relevant Case Law on the Issue

Circuit courts have split on the issue of whether private settlements of bona fide disputes between employers and employees are valid under the FLSA without court or Department of Labor ("DOL") approval.

*Circuit Law*

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit held that an agreement between an employer and employees to compensate them far below the amount the DOL had determined they were owed was invalid because it "violated the provisions and purposes of the FLSA."  679 F.2d 1350, 1354 (11th Cir. 1982).

2

In contrast, the Fifth Circuit held *Martin v. Spring Break '83 Productions, L.L.C.* that a payment to employees pursuant to a private settlement agreement with their employer was "an enforceable resolution of those FLSA claims predicated on a bona fide dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves." 688 F.3d 247, 255 (5th Cir. 2012). In that case, film production employees filed a grievance through their union alleging they were not paid for certain days of work in violation of the FLSA.  *Id.* at 249. The parties entered into a settlement agreement to resolve disputes over how much overtime had actually been accrued, after an investigation revealed that "it would be impossible to determine whether or not Appellants worked on the days they alleged they had worked." *Id.*  The Fifth Circuit noted that at that time, the Eleventh Circuit in *Lynn's Foods* was the only court of appeals that had ruled on the issue.  688 F.3d at 256, n. 10.

In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit held that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. 796 F.3d 199 (2d Cir. 2015).

The Eighth Circuit has not decided whether 29 U.S.C. § 216 requires judicial approval of all FLSA settlements, although it has held that any authority for judicial approval does not extend to review of settled attorney fees.  *Barbee v. Big River Steel*, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019).

*Federal District Courts*

Decisions from federal district courts have also been split on the issue.  In *Martinez v. Bohls Bearing Equipment Co.*, the Western District of Texas conducted an extensive survey of the history of the FLSA and subsequent caselaw. 361 F. Supp. 2d 608, 631 (W.D. Tex. Feb. 28, 2005), cited in *Serna v. Bd. of Cty. Commissioners of Rio Arriba Cty.*, No. 17-CV-196-RB-KBM, 2018

WL 4773361, at *4 (D.N.M. Oct. 3, 2018).  The court concluded that that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due [and that] a release of a party's rights under the FLSA is enforceable under such circumstances."  The Fifth Circuit adopted the reasoning in *Martinez* when it decided *Martin v. Spring Break.*

In *Ruiz v. Act Fast Delivery of Colorado, Inc.*, the District of Colorado held after a thorough discussion that "absent special circumstances, FLSA settlements do not require court approval." No. 14-cv-00870-MSK-NYW, ECF No. 132 (D. Colo. Jan. 9, 2017), (unpublished).  After another thorough review by the District of Colorado in *Fails v. Pathway Leasing LLC*, it  joined the holdings of other recent court opinions that, absent exceptional circumstances, the court need not review and provide approval for FLSA settlements. No. 18-cv-00308-CMA-NYW, 2018 WL 6046428 (D. Colo. Nov. 19, 2018). These "exceptional circumstances" included "evidence of malfeasance or overreaching in obtaining a settlement agreement," including where "not all opt-in plaintiffs can be contacted to obtain consent to a settlement agreement or where a party alleges that an agreement does not actually pertain to a bona fide dispute." *Id.* at *3.  However, in a very recent District of Colorado case, *Slaughter v. Sykes Enterprises, Inc.*, the court acknowledged "the current uncertainty of the legal landscape" and ultimately decided to review the motion for approval of class action under the factors traditionally considered in that district. No. 17-CV-02038-KLM, 2019 WL 529512, at *3 (D. Colo. Feb. 11, 2019).

In an earlier District of New Mexico case, the court found that absent special circumstances, FLSA settlements do not require court approval. *Serna v. Bd. of Cty. Comm'rs of Rio Arriba Cty,* No. 17cv196-RB-KBM, 2018 WL 4773361 (D.N.M. Oct. 3, 2018).  The parties in that case did not seek judicial review but rather requested that the court hold that the settlement

agreement was enforceable without court or DOL approval and dismiss the case with prejudice. United States Senior District Judge Robert C. Brack found the Fifth Circuit's reasoning in *Martin* persuasive when applied to the facts of the case and granted the motion, finding that plaintiffs were represented by competent counsel and that the settlement at issue resulted directly from compromises the parties made about bona fide disputes as to the amount of compensable time worked. *Serna,* 2018 WL 4773361, at *4. *See also  Acevedo v. Sw. Airlines Co.*, No. 1:16-CV-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019), *report and recommendation adopted,* No. 1:16-CV-00024-MV-LF, 2020 WL 85132 (D.N.M. Jan. 7, 2020) (noting that an "extensive review of every FLSA settlement has never been required by the Tenth Circuit," and "though Tenth Circuit district courts are split regarding the application of [Eleventh Circuit precedent] in this circuit, the majority of districts . . . have held that such approval is not necessary" (citing cases, including *Lawson v. Procare and Fails v. Pathway Leasing).*

The District of Oklahoma recently issued a decision which the Court finds both pertinent and persuasive.  In *Lawson v. Procare CRS, Inc.,* the court noted that the Eleventh Circuit's holding in *Lynn's Food Stores* was limited to the facts of the case.  No. 18-CV-00248-TCK-JFJ, 2019 WL 112781 (N.D. Okla. Jan. 4, 2019).  The court acknowledged that although district courts are split regarding the application of *Lynn's Food Stores* in this circuit, the majority of districts, including this district, have held that such approval is not necessary. *Id.* (citing numerous district court cases, including *Serna*).  The court discussed the policy concerns that justify requiring judicial approval of settlements in situations involving infants or incompetent individuals, in cases where not all affected parties are directly before the Court or where one or more parties may not be represented by counsel and may not fully understand the contends of the settlement agreement. *Id.* at *3 ("settlements of non-bona fide disputes may, depending on the circumstances, be one of the narrow

range of settlements that require judicial approval"). The court also pointed out the specific circumstances in *Lynn's Food Stores* that justified judicial approval in that particular case: the employees who settled with their employer did not choose to initiate a case against their employer; they were not represented by counsel, and some did not even speak English. *Id.* (citing *Lynn's Food Stores,* 679 F.2d at 1354). The *Lawson* court held that judicial approval is not a requirement for settlement of bona fide FLSA disputes:

> FLSA claims are opt-in, meaning that the named Plaintiffs are represented by counsel and are actively engaged with the litigation. . . Additionally, the factual and legal issues relevant to the claims and defenses at issue have been developed through adversarial litigation. In such a case, if FLSA Plaintiffs accept a settlement with their employer, it is likely that they understand the content of the settlement agreement and it is unlikely that the settlement is a result of undue pressure or poor or nonexistent legal advice. Accordingly, there is little justification to include FLSA settlements in the narrow range of settlements that require court approval.

*Lawson v. Procare CRS, Inc.*, No. 18-CV-00248-TCK-JFJ, 2019 WL 112781, at *3 (N.D. Okla. Jan. 4, 2019). The *Lawson* court concluded that the case at bar fell into this category. The named plaintiffs were represented by counsel at all relevant times throughout the litigation, which indicated that the relevant factual and legal concerns had been developed through adversarial litigation. Thus, because the parties were actively engaged with the litigation and represented by counsel, it was unlikely that the settlement is a result of undue pressure or poor or nonexistent legal advice.

B.     Analysis

The Court finds the reasoning by the Fifth Circuit in *Martin* and from the recent district court opinions in *Martinez* (Western District of Texas); *Fails* (District of Colorado); *Serna* (District of New Mexico); and *Lawson* (District of Oklahoma) to be persuasive and intends to follow that reasoning in considering the parties' Joint Motion here. The Court's "takeaway" from the current legal landscape is this: judicial approval is not necessary for settlement of bona fide

6

FLSA disputes where parties reach a private agreement and where the dispute centered on the amount of hours worked or compensation due rather than a release of the employee's substantive rights themselves.

The matter before the Court here appears to fall in this category. In other words, this case bears no similarities to *Lynn's Food Stores.* This case is a class action brought under the FLSA in which Plaintiffs, installers and helpers who worked for Defendant within a specific period of time, seek to recover overtime wages. Doc. 16 (Jt. Status Rep't). Plaintiffs have been represented by a team of attorneys since the case was filed a year ago, and settlement was not reached until after the discovery termination date, indicating that the parties had already engaged in the discovery necessary to be fully apprised of the potential value of Plaintiff's claims and to identify any legal or factual disputes before settlement was reached. *See* Doc. 20 (Sched. Order indicating January 2020 deadline for discovery); Doc. 32 (May 2020 Notice of Settlement by Defendant). In addition, the parties represent that everyone who could have opted in has received notice and has done so. Doc. 34 at 3.

The Court is satisfied that the parties in this case have settled a bona fide dispute and that there appears to be no defect in the process of negotiating the settlement. Thus, the Court is not required to review the merits of the Agreements. Accordingly, within fourteen (14) days of this Order, parties shall file a Joint Notice with the Court, advising whether they still wish for the Court to review the merits of the Settlement Agreements. If the parties no longer wish for the Court to review the merits of the Agreements, in order to terminate the litigation the parties shall simply advise the Court that all claims have been resolved and that they desire to dismiss the case.[1]

---

[1] The Court follows the same procedure used by the court in *Lawson* in addressing both the parties' request for judicial approval and their request for sealing the Agreement. 2019 WL 112781 at *3-*4. *Cmp. Serna,* 2018 WL 4773361 (granting parties' request that the court hold that the settlement agreement was enforceable without court or DOL approval and dismiss the case with prejudice).

## II.      Motion to File Settlement Agreements Under Seal

Parties seek to file the confidential Settlement Agreements under seal in order to encourage settlement and to "preserv[] the resources of the Court."  Doc. 34 at 1.  Assuming the Court grants this request, they intend to subsequently request an *in camera* judicial review.  The parties contend that the public does not need to know the details of the Agreements in order to protect their rights, and they point to generic case law which supports settlement negotiation as a "favored means" of resolving disputes and which recognizes confidentiality within settlement agreements.  Doc. 34 at 2.

A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records. *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 599 (1978)). To do so, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Helm v. Kansas,* 656 F.3d 1277, 1292 (10th Cir.2011).

Because the Court is not required to review the merits of the Settlement Agreements in this case, the Court would agree that the public has no compelling interest in the disclosure of those Agreements and there would be no issue regarding sealing of the Settlement Agreements. However, should the Court undertake a merits review of the Agreements, parties would be required to demonstrate circumstances that would justify permitting the terms and amount of the settlement to remain under seal.  The Court is inclined to find such circumstances to be rare, as the very process of a court's merits review would tend to expose the details of an agreement's terms and conditions.  *See, e.g.,Slaughter v. Sykes Enterprises, Inc.*, 2019 WL 529512, at *1 (D. Colo. Feb. 11, 2019) (review of FLSA agreement's terms); *Prim v. Ensign United States Drilling, Inc.*, No.

15-cv-02156-PAB-KMT, 2017 WL 3641844 (D. Colo. Aug. 24, 2017) (same); *Davis v. Crilly*, 292 F. Supp. 3d 1167 (D. Colo. 2018) (same); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (in non-FLSA case, denying motions to file under seal where neither party submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweighs the presumption of public access).

Nor is the Court aware of any legal justification for allowing a FLSA settlement agreement to remain under seal following an *in camera* merits review.  In *Lopez v. El Mirador, Inc.*, a case from this district, the court denied the parties' joint motion to approve the FLSA settlement agreement, finding it not to be fair and equitable. No. CV 16-01257 RB-KBM, 2018 WL 582577, at *5 (D.N.M. Jan. 26, 2018). The court also agreed to review the negotiated attorneys' fees in camera to avoid disclosure of privileged content, but clarified that "final approval of any settlement will include public analysis of plaintiff's counsel's rates, hours, and work, without revealing privileged content."  *Id*. at *9.  Thus, unless parties forego judicial review of bona fide FLSA settlements, they should otherwise expect that terms of a negotiated settlement may be, at least in part, subject to public exposure.  *See, e.g., Acevedo v. Sw. Airlines Co.*, No. 1:16-CV-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019), *report and recommendation adopted,* No. 1:16-CV-00024-MV-LF, 2020 WL 85132 (D.N.M. Jan. 7, 2020) (finding that confidentiality was both permissible and appropriate where the court was not required to review the merits of the settlement agreement).

**THEREFORE,**

**IT IS ORDERED** that a ruling on the parties' Joint Motion to File Settlement Agreements Under Seal (**Doc. 34**) is hereby **DEFERRED** pending the Court's consideration of the parties' filing of a Joint Notice as follows:

(1) **Within fourteen (14) days, the parties shall file a Joint Notice with the Court advising whether they still wish for the Court to review the merits of the settlement agreement**;

(2) **If the parties no longer wish for the Court to review the merits of the Settlement Agreements:** the parties should include in their Joint Notice that all claims have been resolved, and that the parties desire to dismiss the case with prejudice.  In the alternative, the parties may also request in their Joint Notice that the Court hold that the Settlement Agreements are enforceable without Court or DOL approval and dismiss the case with prejudice.  *See, e.g., Serna v. Bd. of Cty. Comm'rs of Rio Arriba Cty,* 2018 WL 4773361 (D.N.M. Oct. 3, 2018).  **The Court would then allow parties to file the Settlement Agreements under seal, as they now request;**

(3) **Should the parties still request judicial approval of the Settlement Agreements, they shall:**

(a) advise the Court whether the Settlement Agreements constitute a resolution of a bona fide FLSA dispute or whether there are specific circumstances that warrant judicial review and approval;

(b) provide legal authority for why judicial approval is warranted in this case;

(c) at that time, should parties still request a merits review of the Settlement Agreements, the Court will also address the parties' Joint Motion to File Settlement Agreements Under Seal (Doc. 34).

_____
CHIEF UNITED STATES DISTRICT JUDGE